**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ZURICH SERVICES CORPORATION,**

    **Plaintiff,**

v.                                            **Case No.  8:13-cv-1896-T-30EAJ**

**PROFESSIONAL MANAGEMENT**
**SERVICES GROUP, INC., F/K/A PEO**
**MANAGEMENT GROUP, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss or in the Alternative for More Definite Statement (Dkt. 9).  Curiously, Plaintiff has not filed a response to Defendant's motion, and the deadline has passed.  However, upon review of the motion, the Court concludes that it is without merit and should be denied.

This is a simple breach of contract case.  Plaintiff Zurich Services Corporation alleges the nature of the contract between the parties, attaches said contract to the complaint, states how the contract was breached, and outlines its damages.  These facts are sufficient to state a breach of contract claim.  Specifically, Zurich, a third-party claims administrator, seeks money damages in the amount of $565,095.04 based on Defendant Professional Management Services, Inc.'s failure to pay this amount under the parties' Claim Services Contract.  Said contract explicitly states that if Zurich's reconciliation "reveals that the total claim service fee paid to [Zurich] during the term to date is less than the amount of such fees calculated on

the basis of the actual number of claimants handled to date, [Professional Management Services] shall pay such additional amount to [Zurich] within 60 days after [Professional Management Services] receives a statement." (Dkt. 1 at ¶11; Ex. A, p. 18). Zurich alleges that it issued the invoice for the $565,095.04 to Professional Management Services on March 19, 2013 (Dkt. 1; Ex. B) and, after sixty days passed, Professional Management Services failed to pay the invoice.

Zurich's allegations are more than sufficient to establish a breach of contract claim under the Claim Services Contract. Professional Management Services' arguments to the contrary are devoid of merit. Professional Management Services seeks some kind of explanation of the reconciliation; it wants the nature, particulars, or "any description" of the reconciliation. Professional Management Services' arguments are tantamount to a denial of the alleged breach. It may seek the details of the reconciliation during discovery.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss or in the Alternative for More Definite Statement (Dkt. 9) is DENIED.

2. Defendant shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on September 4, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-1896.mtdismiss.frm