# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ZURICH SERVICES CORPORATION,**

     **Plaintiff,**

**v.**                                  **Case No.  8:13-cv-1896-T-30EAJ**

**PROFESSIONAL MANAGEMENT
SERVICES GROUP, INC., F/K/A PEO
MANAGEMENT GROUP, INC.,**

     **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Summary Judgment (Dkt. 24) and Defendant's Response in Opposition (Dkt. 31).  The Court, having reviewed the motion, response, record evidence, and being otherwise advised in the premises, concludes that the motion should be granted and final judgment entered in Plaintiff's favor.

## BACKGROUND

This is a breach of contract case.  Plaintiff Zurich Services Corporation ("ZSC"), a third-party claims administrator, seeks money damages in the amount of $565,095.04, based on Defendant Professional Management Services, Inc.'s ("PMSG") failure to pay this amount under the parties' Claim Services Contract.  Specifically, PMSG and ZSC entered into a Claim Services Contract effective March 1, 2011.  (Dkt. 24-2).  Under the Claim Services Contract, ZSC agreed to administer the workers compensation claims asserted against PMSG under insurance policies issued to PMSG by Zurich American Insurance Company.  In

exchange for these services, PMSG agreed to pay ZSC per claim service fees.  The Claim Services Contract states that PMSG "agrees to pay charges and fees for the services described herein in accordance with all terms and conditions set out in Exhibit B, attached hereto and incorporated herein by reference as though fully set forth."  (Dkt. 24-2 at p. 4).

Exhibit B to the Claim Services Contract sets out a schedule of the service fees. Exhibit B reflects that PMSG agreed to pay ZSC per claim service fees ranging from $50 to $1,253, depending on the type of claim and jurisdiction.  The parties agreed that PMSG would make twelve monthly payments to ZSC during the length of the Claim Services Contract for estimated service fees based upon the estimated number of claimants.  The parties would then perform a final reconciliation approximately twelve months after the expiration of the Claim Services Contract to determine the final service fees, based on the actual number of claims reported.

The Claim Services Contract states, in relevant part:

> PAYMENT OF FEES:
> Client[1] shall pay the total "per claimant" service fee to ZSC in (12) equal monthly installments at the first of each monthly period during the length of this agreement.  One Bill in the total amount will be submitted by ZSC to Client with payment by Client to be received monthly within 30 days of stated due date.
>
> * * *
>
> RECONCILIATION OF SERVICE FEES:
> Six months after the effective date of this contract period and six months thereafter, ZSC reserves the right to review the actual number of each claim type handled by ZSC.

---

[1] Client refers to PMSG.  (Dkt. 24-2 at p. 1).

If this 6 month review reveals that the total claim service fee paid to ZSC during the term to date is less than the amount of such fees calculated on the basis of the actual number of claimants handled to date, Client shall pay such additional amount to ZSC within 60 days after Client receives a statement.

A final reconciliation will be performed approximately 12 months after the expiration of the contract.

If this final reconciliation reveals that the total claim service fee paid to ZSC is more than the amount of such fees calculated on the basis of the actual number of claimants handled to date, ZSC shall credit such additional amount to Client within 60 days of the review.  If this review reveals that the total claim service fee paid to ZSC during the term to date is less than the amount of such fees calculated on the basis of the actual number of claimants handled to date, Client shall pay such additional amount to ZSC within 60 days after Client receives a statement.

(Dkt. 24-2 at p. 18).

The record reflects that, in March 2013, ZSC performed a final reconciliation, twelve months after the expiration of the Claim Services Contract.  The reconciliation revealed that the actual number of claims reported was greater than the parties' estimate and PMSG owed additional claim service fees.  On March 19, 2013, ZSC sent PMSG an invoice demanding payment of $565,095, the additional amount owed to ZSC as a result of the reconciliation. Under the Claim Services Contract, PMSG was required to pay the reconciliation within sixty days.  The record reflects that, during that time, PMSG did not pay the invoice, nor did it provide ZSC with any objection to the reconciliation.

ZSC, through counsel, sent communications to PMSG on May 1, 2013, May 23, 2013, and June 3, 2013, regarding the unpaid invoice.  PMSG did not pay the additional fees and this lawsuit ensued.

According to the Declaration of Bohdan Gursky, PMSG never objected to the reconciliation invoice prior to the filing of the instant action.  (Dkt. 24-1).

ZSC now moves for summary judgment on its claim, arguing that the record is undisputed that PMSG is responsible for the additional claim service fees (as reflected in the final reconciliation) in the total amount of $565,095.  ZSC also seeks prejudgment interest and attorney's fees.  With respect to attorney's fees, Article 30 of the Claim Services Contract states:

> Client agrees that if ZSC is required to bring an action against it to enforce any term or condition of this Agreement and Client is determined to a [sic] be at fault, then Client shall pay ZSC all reasonable costs and attorney fees incurred by ZSC by reason thereof, as set by the court, in the same action or in a separate action brought for that purpose.

(Dkt. 24-2 at p. 11).

## STANDARD OF REVIEW

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original).  The substantive law applicable to the claimed causes of action will identify which facts are material.  *Id.*  Throughout this analysis, the court must examine

the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson,* 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *Hoffman v. Allied Corp.,* 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

ZSC asserts a single breach-of-contract claim against PMSG. Under Illinois law, the "elements of a breach of contract claim are: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4)

resultant injury to the plaintiff." *Lake Cnty. Grading Co., LLC v. Vill. of Antioch*, 985 N.E.2d 638, 644 (Ill. 2d DCA 2013) (citation omitted).[2]

The record is undisputed that ZSC has established each element of its claim as a matter of law. The Claim Services Contract, entered between ZSC and PMSG, is unambiguous regarding PMSG's responsibility to reimburse ZSC for additional claim service fees within sixty days after PMSG receives a reconciliation statement. The record is undisputed that ZSC performed a final reconciliation in March 2013, and issued PMSG an invoice for the additional fees on March 19, 2013, in the amount of $565,095. Notably, PMSG does not dispute the accuracy of this amount in its response to ZSC's motion. PMSG also does not file any opposition regarding ZSC's request for prejudgment interest and attorney's fees.

PMSG's response focuses on a strained interpretation of the Claim Services Contract and other related contracts that PMSG entered into with parties *other than ZSC*. PMSG's interpretation of the Claim Services Contract is without merit. The Court concludes that the Claim Services Contract is clear regarding PMSG's responsibility to reimburse ZSC for additional fees upon a reconciliation. Moreover, PMSG's focus on additional contracts entered into between PMSG and other entities, who are not parties to this action, misses the mark because those agreements do not discharge PMSG's obligation to pay the additional fees.

---

[2] The Claim Services Contract contains a choice of law provision that states: "This Agreement, and all aspects thereof, shall be construed under the laws of the State of Illinois." (Dkt. 24-2 at p.11).

Accordingly, ZSC is entitled to a judgment in the amount of $565,095 and prejudgement interest in the amount of $25,444.[3]  The Court concludes that ZSC is also entitled to its attorney's fees under the clear language of the Claim Services Contract.

It is therefore ORDERED AND ADJUDGED that:

1.     Plaintiff's Motion for Summary Judgment (Dkt. 24) is granted.

2.     The Clerk of Court is directed to enter a final judgment in the amount of **$590, 539** in Plaintiff's favor and against Defendant.  This amount shall accrue interest at the federal statutory rate.

3.     The Clerk of Court is directed to close this case.

4.     The Court reserves jurisdiction on the amount of Plaintiff's attorney's fees and costs.  Any motion for attorney's fees and costs shall be filed within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on April 17, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-1896.msj-grant.wpd

---

[3] The Court used ZSC's calculation of prejudgment interest from May 24, 2013 (the sixty-day deadline for payment plus five additional days for mail delivery) to April 18, 2014, the date of the final judgment.