## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**ZURICH SERVICES CORPORATION,**

     **Plaintiff,**

**v.**                                      **Case No.  8:13-cv-1896-T-30EAJ**

**PROFESSIONAL MANAGEMENT
SERVICES GROUP, INC., F/K/A PEO
MANAGEMENT GROUP, INC.,**

     **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Zurich Services Corporation's Motion for Attorney's Fees and Costs (Dkt. 34), Declaration of Julie L. Young in Support (Dkt. 34-1), and Plaintiff's Billing Statements (Dkt. 34-2).  On May 20, 2014, the Court entered an Order to Show Cause regarding Defendant's failure to timely respond to Plaintiff's motion (Dkt. 43).  On May 28, 2014, Defendant filed a response to the Order to Show Cause.  In one paragraph, Defendant states that it has elected to focus its resources on its appeal of the Court's entry of summary judgment and "requests no order on attorney's fees be entered" until the appeal's conclusion (Dkt. 47).  Under the circumstances, the Court sees no compelling reason to refrain from ruling on Plaintiff's motion.  Upon review of the motion and the filings in support of same, the Court concludes that the motion should be granted in part and denied in part.

## BACKGROUND

This is a simple breach of contract case.  Plaintiff Zurich Services Corporation ("ZSC"), a third-party claims administrator, requested money damages in the amount of $565,095.04, based on Defendant Professional Management Services, Inc.'s ("PMSG") failure to pay this amount under the parties' Claim Services Contract.  On April 17, 2014, the Court granted ZSC's motion for summary judgment and awarded ZSC a judgment in the amount of $590,539 for damages and pre-judgment interest (Dkt. 32).  The Court also ruled that ZSC was entitled to reasonable attorney's fees under the Claim Services Contract and reserved on the amount of attorney's fees and costs.

ZSC's motion requests costs in the amount of $605.00 and attorney's fees in the amount of $61,726.40.

## DISCUSSION

### I.      Costs

ZSC seek costs in the amount of $605.00.  Upon review of the costs, the Court concludes that the costs are recoverable under 28 U.S.C. §1920.  Accordingly, the Court will award ZSC costs in the amount of **$605.00.**

### II.      Attorney's Fees

As the Court previously held, ZSC is entitled to reasonable attorney's fees under the Claim Services Contract.  The Claim Services Contract states that ZSC be awarded "all *reasonable* costs and attorneys' fees incurred by ZSC" in connection with this lawsuit.  Based on the Court's review of ZSC's counsel's hourly rates and billing records, in

conjunction with the Court's experience with these matters, and the lack of complexity of this case, the Court reduces a portion of the time expended in this case.

### A. Hourly Rates

The Declaration of Julie L. Young reflects that seven attorneys worked on the instant case. The Declaration states the attorneys' experience and their hourly rate. Young states that the rates reflect a discount from the standard rates charged by Locke Lord, LLP. The Court concludes that the hourly rates are reasonable.

### B. Billing Statements

The Court reviewed the billing statements in detail and concludes that it is necessary to reduce a portion of the time spent in this case. The Complaint filed in this case was only five pages and contained one claim for breach of contract. The case was pending for approximately nine months prior to the Court's entry of summary judgment in ZSC's favor. The relevant law was not complicated. And the Court did not have to address any discovery disputes or other disputed issues, other than the summary judgment motion. Under these circumstances, the Court reduces the billing statements as follows:

1. With respect to the time spent on drafting the complaint, revising the complaint, and preparing service, the Court reduced Elizabeth J. Campbell's ("EC") time by 5.6 hours, a reduction of $1,708.

2. With respect to the time spent on the drafting and preparation of pro hac vice motions, the Court reduced Steven T. Whitmer's ("STW") time by .3 hours and EC's time by 2.7 hours, a total reduction of $962.10.

3.    The Court reduced STW's time by .6 hours for entries related to: "Attention to issues for federal court action" and "Attention to discovery issues". These entries are too vague to explain the nature of the work performed. The total reduction is $277.20.

4.    With respect to the drafting and preparation of the case management report, the Court reduced Julie L. Young's ("JLY") time by 2.8 hours, a total reduction of $1,162.

5.    The Court reduced Roasanne M. Sangiacomo's ("RMS") time by .2 hours for the entry related to preparing calendar reminders, a total reduction of $44.20.

6.    With respect to time spent on document review, the preparation of initial disclosures, and the preparation and production of documents, the Court reduced RMS's time by 8.1 hours, JLY's time by .7 hours, and Ashlee M. Knuckey's ("AMK") time by 6.4 hours, a total reduction of $3,597.40.

7.    The time spent by Jordan A. Stein ("JAS") of 3.6 hours to "review and analyze complaint" and "cite check" is unclear and was excluded, a total reduction of $896.40.

8.    With respect to time spent on the preparation, drafting of, and revisions of ZSC's motion for summary judgment, the Court reduced STW's time by 1.9 hours, JLY's time by 3.8 hours, and JAS's time by .7 hours, a total reduction of $2,752.60.

9.    With respect to the amount of time spent on deposition preparation, the Court reduced Douglas R. Sargent's ("DRS") time by 12.1 hours and RMS's time by 5.6 hours, a total reduction of $4,698.20.

10.   The Court reduced JLY's time spent on deposition subpoenas by 1.7 hours, a total reduction of $741.20.

In sum, the total amount of fees excluded as unreasonable is $16,839.30.

**C.    Total Amount of Reasonable Fees**

After reducing the billing entries as reflected above, the total amount of *reasonable* attorney's fees is **$44,887.10**.

It is therefore ORDERED AND ADJUDGED that:

1.    Plaintiff Zurich Services Corporation's Motion for Attorney's Fees and Costs (Dkt. 34) is granted in part and denied in part as explained herein.

2.    The Clerk of Court shall enter a **final judgment** in Plaintiff's favor and against Defendant in the amount of **$45,492.10** which represents costs and attorney's fees.  This amount shall accrue postjudgment interest at the Federal statutory rate.

**DONE** and **ORDERED** in Tampa, Florida on May 28, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2013\13-cv-1896.fees-grant-in-part.wpd