UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ZURICH SERVICES CORPORATION,**

    Plaintiff,

v.                                              Case No. 8:13-CV-1896-T-30EAJ

**PROFESSIONAL MANAGEMENT
SERVICES GROUP, INC., f/k/a PEO
MANAGEMENT GROUP, INC.**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court are Plaintiff Zurich Services Corporation's ("Plaintiff's") **Motion to Commence Proceedings Supplementary and to Implead Third Parties into Proceedings** (Dkt. 70) and Defendant Professional Management Services Group, Inc.'s ("Defendant's") **Defendant's Response in Opposition to Plaintiff's Motion to Commence Proceedings Supplementary and to Implead Third Parties into Proceedings** (Dkt. 77).[1]  For the reasons that follow, the Court recommends granting in part Plaintiff's Motion to Commence Proceedings Supplementary and to Implead Third Parties into Proceedings. (Dkt. 70)

Background

On July 23, 2013, Plaintiff filed a Complaint against Defendant alleging a claim for breach of contract (Dkt. 1) and on April 17, 2014, the Court granted Plaintiff's motion for summary judgment. (Dkt. 32)  Judgment was entered against Defendant on April 18, 2014, in the amount of $590,539.00 (Dkt. 33) and Plaintiff was awarded its costs and attorneys fees in the amount of

---

[1] This matter has been referred to the undersigned for consideration and issuance of a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Local Rules 6.01(b) and 6.01(c), M.D. Fla.

$45,492.10. (Dkt. 48) Plaintiff states that the full amount of $636,031.10 remains due and owing.

Plaintiff alleges that, after it obtained the judgment against Defendant, Defendant fraudulently transferred its remaining assets to insiders to defraud, hinder, and delay Plaintiff from collecting its judgment. Pursuant to Florida Statutes Section 56.29, Plaintiff seeks to implead third-parties Staffing Concepts National, Inc. ("SCN"), and Executive Management Group, Inc. ("Executive"), which received the allegedly fraudulent transfers. Plaintiff requests that the Court order proceedings supplementary pursuant to section 56.29(1), grant Plaintiff leave to file its Supplemental Complaint (Dkt. 70 Exs. 2-3), implead SCN and Executive, order Defendants to respond to the Supplemental Complaint within twenty (20) days after service, and award Plaintiff its fees and costs associated with the proceedings supplementary, pursuant to section 56.29(11).

Defendant contends that Plaintiff's Supplemental Complaint asserts claims under Florida's Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.105(1)(a), 726.106(2), but asserts as defenses that the transfers were received in good faith and for reasonably equivalent value or were made to an insider in the ordinary course of business or financial affairs of the debtor and insider. Defendant also states, regarding its assignment of promissory notes to SCN, that Plaintiff has not satisfied the elements required to claim the transfer was fraudulent.

<u>Applicable Law</u>

"The procedure on execution [of a money judgment] – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located," to the extent not preempted by federal law. Fed. R. Civ. P. 69(a)(1).

Florida law provides that, upon the filing of an appropriate motion and affidavit, the holder of an unsatisfied judgment or judgment lien is entitled to proceedings supplementary to execution

of the judgment. Fla. Stat. § 56.29(1). The movant must state that it is the holder of the judgment or judgment lien, that the execution is valid and outstanding, and identify, if applicable, "the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest[.]" Id. Under case law interpreting section 56.29, "the two jurisdictional prerequisites for supplementary proceedings are (1) an unsatisfied writ of execution, and (2) an affidavit averring that the writ is valid and unsatisfied along with a list of persons to be impleaded." Allied Indus. Int'l, Inc. v. AGFA-Gevaert, Inc., 688 F. supp. 1516, 1518 (S.D. Fla. 1988).

In proceedings supplementary, among other things, the Court may order that property of the judgment debtor held by third parties be applied toward satisfaction of the judgment debt and consider any claims brought by the judgment creditor under Florida's Uniform Fraudulent Transfer Act. Fla. Stat. § 56.29(5). Additionally, costs for proceedings supplementary and reasonable attorney's fees may be taxed against the defendant. Id. at § 56.29(11).

Discussion

Plaintiff's motion and attached affidavit state that the Court entered judgment in favor of Plaintiff in the amount of $590,539 and awarded Plaintiff its costs and attorneys fees in the amount of $45,492.10, for a total of $636,031.10. (Dkt. 70 at 1, 70 Ex. 1 at 1-2) Plaintiff states that the full amount remains due and owing. (Dkt. 70 at 1, Ex. 1 at 2) Further, Plaintiff attached to the affidavit a copy of the Judgment Lien Certificate from the Florida Department of State, Division of Corporations (Dkt. 70 Ex. 1 at 3-4), and Plaintiff's motion identifies SCN and Executive as the entities to be impleaded. Therefore, Plaintiff has satisfied the requirements of section 56.29(1). See Gaggio v. Lake Austin Props. I, Ltd., No. 6:10-cv-1942-Orl-22KRS, 2011 WL 6987077, at *1 (M.D. Fla. Dec. 21, 2011) ("Plaintiffs' counsel filed the affidavit required by section 56.29(1). This is all

3

that is required to begin proceedings supplementary to execution."), report and recommendation adopted, 2012 WL 84812 (M.D. Fla. Jan. 11, 2012).

Defendant does not contest Plaintiff's satisfaction of the requirements set forth by section 56.29(1), but instead challenges Plaintiff's claims of fraudulent transfers under Florida's Uniform Fraudulent Transfer Act. Plaintiff's motion and attached Supplemental Complaint assert that, following the Court's entry of judgment against Defendant, Defendant fraudulently transferred $150,000 to Executive as purported payment for back rent (Dkt. 70 at 2, Ex.2 at 5, 7-10) and fraudulently assigned all of its interests in five (5) promissory notes[2] to SCN. (Dkt. 70 at 2, Ex. 2 at 5-7, 10-13)[3]

Defendant contends that the transfer to Executive was for rent Defendant owed to Executive and that such payment was made to satisfy an antecedent debt under section 726.104(1) of the Florida Statutes.[4] As a payment made to satisfy an antecedent debt, Defendant argues that, pursuant to sections 726.105(1)[5] and 726.109(6)(b),[6] Fla. Stat., the payment cannot be avoided by the Uniform

---

[2] The Supplemental Complaint also states that the notes were consolidated into a single Consolidated Note in January 2014, which Defendant did not produce in response to Plaintiff's post-judgment discovery requests or disclose to Plaintiff at its deposition. (Dkt. 70 Ex. 2 at 7)

[3] Plaintiff's Supplemental Complaint also asserts Defendant fraudulently transferred $150,000 to its owner, Henry C. Hardin III. ("Hardin"), as a corporate dividend in exchange for no value. (Dkt. 70 at 2, 70 Ex. 2 at 4-5) However, the Supplemental Complaint also explained that the transfer is not before this Court, as Plaintiff initiated a fraudulent transfer action against Mr. Hardin in the United States District Court for the Northern District of Georgia. (Dkt. 70 Ex. 2 at 4, 39-40, Ex. 3 at 1-9)

[4] "Value is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied[.]" Fla. Stat. § 726.104(1).

[5] A debtor's transfer or an obligation incurred by the debtor

> is fraudulent as to a creditor, whether the creditor's claim arose before
> or after the transfer was made or the obligation was incurred, if the

4

Fraudulent Transfer Act. As for the assignment of the note to SCN, Defendant contends that Plaintiff's claims do not state the elements of a fraudulent transfer, as a "transfer" requires "disposing of or parting with an asset or an interest in an asset." Fla. Stat. § 726.102(14). Asserting that the interest in the promissory note did not belong to Defendant because the interest merely passed through Defendant to SCN, Defendant contends the note was not an "asset"[7] for purposes of the Uniform Fraudulent Transfer Act.

However, Defendant's arguments are premature at this stage of the proceedings. Impleading third parties in a proceeding supplementary to execution "does not imply liability on the part of the impleaded parties but, rather, provides them with an opportunity to raise their defenses and protect their interests consistent with the requirements of due process." ABM Fin. Servs., Inc. v. Express Consolidation, Inc., No. 07-60294-CIV, 2011 WL 915669, at *2 (S.D. Fla. Mar. 16, 2011). Once impleaded, third party defendants "must appear before the court and show cause why the contested property should not be applied toward satisfaction of the judgment creditor's judgment." Office

---

debtor made the transfer or incurred the obligation:
(a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
(b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
1. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
2. Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

Fla. Stat. § 726.105(1).

[6] "A transfer is not voidable under s. 726.106(2): . . . (b) If made in the ordinary course of business or financial affairs of the debtor and the insider[.]" Fla. Stat. § 726.109(6)(b).

[7] "'Asset' means property of the debtor[.]" Fla. Stat. § 726.102(2).

5

Bldg., LLC v. CastleRock Sec., Inc., No. 10-61582-CIV, 2011 WL 1674963, at * 3 (S.D. Fla. May 3, 2011).

Plaintiff has shown, through its motion, affidavit, and proposed Supplemental Complaint, that impleading the identified third parties is warranted and Executive and SCN will have the opportunity to raise their defenses and protect their interests once impleaded. Office Bldg., 2011 WL 1674963, at * 3; ABM, 2011 WL 915669, at *2; Gen. Guar. Ins. Co. of Fla. v. DaCosta, 190 So. 2d 211, 213 (Fla. 3d DCA 1966) (per curiam).

In this case, Plaintiff has satisfied the requirements of section 56.29 and asserted that fraudulent transfers may have occurred. Plaintiff is therefore entitled to proceedings supplementary.[8]

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's Motion to Commence Proceedings Supplementary and to Implead Third Parties into Proceedings (Dkt. 70) be **GRANTED** to the extent that:

    (a) proceedings supplementary be commenced;

    (b) third-parties SCN and Executive be impleaded in this action; and

    (c) within a time period to be set by the Court:

        (i) Plaintiff be granted leave to file its Supplemental Complaint;

        (ii) Plaintiff be required to serve on SCN and Executive, by formal service of process, a copy of this order, Plaintiff's Motion to Commence Proceedings Supplementary and to Implead Third Parties

---

[8] By granting Plaintiff's request to commence proceedings supplementary to execution, the Court does not address the merits of the factual or legal issues raised by either party. See ABM, 2011 WL 915669, at *2.

                    into Proceedings (Dkt. 70), and the Supplemental Complaint;

      (iii)    Plaintiff be required to file proof of such service; and

      (iv)    SCN and Executive be required to respond to the Supplemental Complaint.

(2)    As for Plaintiff's request for attorneys fees and costs associated with the proceedings supplementary, pursuant to Florida Statutes Section 56.29(11), it is recommended that the motion be **DENIED without prejudice** to reassert at the appropriate time. See Kobarid Holding, S.A. v. Reizen, No. 03-23269-CIV, 2007 WL 14294, at *3 (S.D. Fla. Jan. 2, 2007) (granting the plaintiff's motion to commence supplementary proceedings but denying without prejudice to renew at a later date, if appropriate, the plaintiff's request for costs and attorney's fees).

**DATE:   April 14, 2015**

                                      ELIZABETH A JENKINS
                                      United States Magistrate Judge

**NOTICE TO PARTIES**

    Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge