# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ZURICH SERVICES CORPORATION,

    Plaintiff,

v.                                          Case No: 8:13-CV-1896-T-30AAS

PROFESSIONAL MANAGEMENT
SERVICES GROUP, INC., STAFFING
CONCEPTS NATIONAL, INC., and
EXECUTIVE MANAGEMENT
GROUP, INC.,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** came on for consideration upon the Report and Recommendation submitted by Magistrate Judge Amanda Sansone (Dkt. 137) and the Objections (Dkts. 140 and 141) filed thereto. As explained further below, after careful consideration of the Report and Recommendation of the Magistrate Judge, the Objections, and in conjunction with an independent examination of the file, the Court concludes that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in part, and rejected in part.

## STANDARD

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. *See* 28 U.S.C. § 636(b)(1); *Williams v. Wainwright,* 681 F.2d 732, 732 (11th Cir. 1982), *cert. denied,* 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.,* 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo* and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(C); *Garvey v. Vaughn,* 993 F.2d 776, 779 n. 9 (11th Cir. 1993). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. *See Cooper-Houston v. Southern Ry.,* 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

**I.    Plaintiff's Objection (Dkt. 140)**

Plaintiff objects to the portion of the Magistrate Judge's Report and Recommendation that concluded that there was a genuine issue of fact with respect to whether the $150,000 payment to Executive was a "transfer" under section 726.105(1)(a) of the FUFTA. Plaintiff raises three arguments: (1) Defendants' argument that the payment to Executive was not

PMSG's property is untimely; (2) Defendants admitted in their Answer to Plaintiff's Supplemental Complaint that the $150,000 payment was a transfer; (3) and Defendants' argument that the $150,000 was not a transfer fails on the merits because the record is undisputed that PMSG made the payment to Executive for back rent that PMSG allegedly owed to Executive. The Court sustains Plaintiff's objection on all three points.

First, as Plaintiff argues, and as the Magistrate Judge acknowledged in the Report and Recommendation, Defendants did not raise any argument about the absence of a transfer in their response to Plaintiff's Motion for Partial Summary Judgment. Defendants raised this argument for the first time months later in Defendants' Amended Supplemental Brief (Dkt. 131). However, the Magistrate Judge permitted supplemental briefing only on the narrow issue of whether Benjamin Anthony Foley's Declaration was a "sham affidavit." (Dkt. 123). Defendants' attempt to sneak in an untimely new argument that a transfer did not occur went beyond the scope of the authorized supplemental briefing. The Court concludes that this new argument should not have been entertained, especially under these circumstances where Defendants could have, with reasonable diligence, raised the argument sooner.[1] Simply put, if Defendants disputed whether the $150,000 belonged to PMSG, they could have and should have raised this issue months earlier in a timely response to Plaintiff's motion. Having failed to do so, the issue was waived. Accordingly, the Court concludes that the Magistrate Judge

---

[1] Indeed, and as the procedural history of this case reflects, Defendants have made a habit of ignoring deadlines in this case.

should not have considered Defendants' untimely new argument regarding the source of the $150,000 transfer and rejects that portion of the Report and Recommendation.

Second, even if Defendants' argument regarding the source of the $150,000 was not untimely, Defendants' argument fails because Defendants repeatedly admitted that a transfer occurred in their Answer and Affirmative Defenses to Plaintiff's Supplemental Complaint (Dkt. 86).[2] The Magistrate Judge noted that Plaintiff presumed this element of its FUFTA claim in Plaintiff's Motion for Partial Summary Judgment. It was fair and reasonable for Plaintiff to make that assumption because Defendants had already conceded this legal issue. *See Chick-Fil-A, Inc. v. CFT Dev., LLC*, 652 F. Supp. 2d 1252, 1260 (M.D. Fla. 2009) ("Admissions in pleadings are deemed judicial admissions, binding on the party who makes them.").

Third, and finally, the undisputed facts demonstrate that the $150,000 transfer was PMSG's property and was made to Executive pursuant to a lease between PMSG and Executive for rent that PMSG was purportedly obligated to pay to Executive. It is undisputed that the $150,000 was transferred from a bank account held exclusively in PMSG's name. And Foley testified in his depositions (taken on June 12, 2014 and February 1, 2016) that the $150,000 payment was for back rent that PMSG owed to Executive (Dkts. 105-4 and 105-5). In his first deposition, Foley testified that PMSG made a transfer of

---

[2] Notably, consistent with the record evidence as discussed further below, Defendants also admitted in paragraph 21 of their Answer that the transfer was for back rent: "Admitted that the transfer was for past-due rent, otherwise denied." (Dkt. 86 at ¶21).

$150,000 to Executive for back rent.  Later, in his second deposition, Foley clarified that PMSG had $600,000, and that $450,000 of the $600,000 belonged to SCN—the remaining $150,000 was for rent that PMSG owed to Executive.

Defendants' Supplemental Brief (Dkt. 131) argues that the $150,000 was really SCN's money.  Defendants state: "PMG held those monies for SCN until an SCN account was opened and the SCN monies held by PMG would be remitted to their legal owner: SCN." (Dkt. 131).  This argument is not supported by any record citation.  And, not surprisingly, the record does not contain any evidence of this.  Indeed, the majority of Defendants' arguments on this issue are just that—argument—without any supporting record citations.  Accordingly, even considering the merits of Defendants' new argument about the source of the $150,000, the Court concludes that the record is undisputed that this money belonged to PMSG and was transferred to Executive, an insider[3] of PMSG, with the actual intent to hinder, delay, or defraud.  The portions of the Magistrate Judge's Report and Recommendation concluding that there is a disputed fact on the issue of the existence of a "transfer" within the meaning of the FUFTA are rejected.

In conclusion, the Court sustains Plaintiff's objection on all three points as discussed above.  The transfer of $150,000 qualified as a transfer within the meaning of the FUFTA as a matter of law.  Contrary to the Magistrate Judge's Report and Recommendation, Plaintiff is entitled to summary judgment on Counts I and II.

---

[3] Henry C. Hardin, III owns one-hundred percent of Defendant PMSG and eighty percent of Defendant Executive.

**II.     Defendants' Objection (Dkt. 141)**

Defendants' objection argues that Foley's Declaration does not contradict his prior deposition testimony and that the notes were assets of SCN. The Court overrules Defendants' objection and adopts and approves the Report and Recommendation with respect to these issues.

**ACCORDINGLY**, it is therefore, **ORDERED AND ADJUDGED**:

1. The Report and Recommendation (Dkt. 137) of the Magistrate Judge is adopted, confirmed, and approved in part and rejected in part. Specifically, the Court adopts the Report and Recommendation in all respects and the Report and Recommendation is made a part of this Order for all purposes, including appellate review, with the exceptions as explained herein with respect to the Magistrate Judge's conclusion (and related findings) that Plaintiff is not entitled to summary judgment on Counts I and II.

2. Plaintiff's Dispositive Motion for Partial Summary Judgment (Dkt. 105) is GRANTED. Plaintiff is entitled to judgment as a matter of law with respect to Counts I, II, and III of the Supplemental Complaint.

3. The Clerk of Court is directed to enter a Final Judgment in Plaintiff's favor and against Defendants Professional Management Services Group, Inc. F/K/A PEO Management Group, Inc., Staffing Concepts National, Inc., and Executive Management Group, Inc. with respect to Counts I, II, and III of the Supplemental Complaint.

4. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

5. The Court reserves jurisdiction for a period of one (1) year from the date of this Order to enter further orders as necessary to allow Plaintiff to attach and execute on the funds and notes.

**DONE** and **ORDERED** in Tampa, Florida on November 15, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies Furnished to:
Counsel/Parties of Record